# Third District Court of Appeal
## State of Florida

Opinion filed July 30, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-0497
Lower Tribunal No. F01-19774
_____

**Corey O'Neal,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Corey O'Neal, in proper person.

James Uthmeier, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for appellee.

Before FERNANDEZ, MILLER, and LOBREE, JJ.

PER CURIAM.

Affirmed. See Lewis v. State, 413 So. 3d 148, 150 (Fla. 4th DCA 2025) ("[O]ur Supreme Court held that even though 'the plain language of rule 3.800(a) does not expressly prohibit defendants from seeking to correct unlawfully lenient sentences,' Florida's statutory law makes clear that defendants 'are not entitled to such relief absent a showing of prejudice.'" (quoting Earl v. State, 314 So. 3d 1253, 1255 (Fla. 2021))); see also § 921.002(1)(g), Fla. Stat. (2001) (The Criminal Punishment Code: "The trial court judge *may* impose a sentence up to and including the statutory maximum for any offense, including an offense that is before the court due to a violation of probation or community control.") (emphasis added); State v. Collins, 985 So. 2d 985, 991 (Fla. 2008) ("The legislature has amended section 775.084 to specify that a habitual felony offender sentence is *not* subject to the sentencing guidelines." (citing § 775.084(4)(h), Fla. Stat., (2001) (providing that "[a] sentence imposed under [the habitual felony offender statute] is not subject to s. 921.002."))); id. § 775.084(4)(a)1., Fla. Stat. ("The court, in conformity with the procedure established in paragraph (3)(a), *may* sentence the habitual felony offender as follows . . . [i]n the case of a life felony or a felony of the first degree, for life.") (emphasis added); Cueto v. State, 979 So. 2d 1113, 1115 (Fla. 3d DCA 2008) (noting this court can take judicial notice of records in a prior appeal); § 90.202(6),

2

Fla. Stat. (2025) ("A court may take judicial notice of . . . [r]ecords of any court of this state or of any court of record of the United States or of any state, territory, or jurisdiction of the United States.").